Baldwin, J.
delivered the opinion of the Court.
The covenant of Alexander S. Withers, and Robert W. Withers the plaintiff in error, upon which this action is founded, was not a covenant to make an assignment of 80 dollars of the bond therein mentioned, but a covenant to deliver an assignment of so much of the bond, which assignment had been already made.
The bond was executed by Richard Harrison and others to John Ward, who, by his endorsement thereon, dated the 24th of July 1822, made an assignment thereof, which omitted the name of the assignee. But M. C. Moorman, who, it seems, was the intended assignee, by his endorsement on the bond, dated 3d of October 1822, assigned 322 dollars thereof to William Robinson, and by another endorsement thereon, dated the 25th of October 1822, assigned 80 dollars thereof to Alexander S. Withers.
The object of the covenant, which bears date the 30th of October 1822, appears to have been to give to Hestend, the defendant in error, the benefit of the assignment made to Alexandm' S. Withers, and that the bond should be delivered to Mr. Dabney, an attorney at law, on or before the 4th of November then next ensuing, in order that suit might be brought thereon, for the use of the persons respectively entitled to the benefit thereof.
*459 The bond was accordingly delivered on the 1st of November 1822, by Alexander S, Withers to ilir. Dab-net/, who brought suit thereupon in the name of Ward, ^ „ c for the use of Robinson, as to 322 dollars, for the use of Hestend as to 80 dollars, and for the use of Moorman as to the residue; which suit was prosecuted to a judgment as to some of the obligors, and part of the money made by execution and paid over to Robinson towards the satisfaction of his claim.
The covenant was therefore fully performed by the delivery of the bond, with the assignment to Alexander $. Withers thereupon endorsed. That was the assignment contemplated by the covenant; and Hestend had the complete use of it in the action upon the bond. No other assignment was required by the terms or the true intent and meaning of the covenant, and none from the covenantors, or either of them, could have availed him any thing, inasmuch as he would not have been thereby enabled to maintain an action for the recovery of the 80 dollars in his own name.
If Hestend by the transfer to him, for a valuable consideration of Alexander S. Withers’ interest in the bond, and the prosecution of the action thereupon with due diligence, without being able to obtain satisfaction from the obligors, acquired a right to redress against the covenantors or either of them, his proper remedy was an action of assumpsit founded upon those circumstances, and not an action founded upon the covenant of which there has been no breach.
It therefore seems to the Court that the Circuit Court erred in sustaining, instead of overruling, the defendant in error’s demurrer to the evidence : And it is considered by the Court that the judgment of the Circuit Court be reversed with costs. And this Court proceeding to render such judgment as the Circuit Court ought to have rendered, it is further considered that the demurrer to evidence be overruled, and that there be a judgment for the plaintiff in error.